IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RAUL TORRES,                          )
                                      )
                    Plaintiff,        )
                                      )
        v.                            )    No.  09 C 5228
                                      )
ASPLUNDH TREE EXPERT CO., et al.,     )
                                      )
                    Defendants.       )

MEMORANDUM ORDER

Raul Torres ("Torres") has filed a personal injury action

against Asplundh Tree Expert Co. ("Asplundh"), John Eaton

("Eaton") and Norfolk Southern Railway Company ("Norfolk

Southern"), invoking federal jurisdiction on diversity of

citizenship grounds.  This memorandum order is issued sua sponte

because Torres' counsel has gotten every jurisdictional

allegation wrong:

    1.  Complaint ¶¶2 and 4 have respectively spoken of

    Torres' and Eaton's states of residence, not of the

    jurisdictionally-relevant fact of their respective states of

    citizenship.

    2.  Neither Complaint ¶2 (as to Asplundh) nor Complaint

    ¶4 (as to Norfolk Southern) identifies both facets of those

    corporations' states of citizenship under 28 U.S.C.

    §1332(c)(1).

Adams v. Catrambone, 359 F.3d 858, 861 n.3 (7th Cir. 2004)

has repeated the consistent earlier teaching by our Court of

Appeals that "[w]hen the parties allege residence but not citizenship, a district court must dismiss the suit." But this Court is loath to stick a litigant with an extra $350 filing fee where it seems likely that flaws of the type identified here are readily curable.

Accordingly Torres' counsel is granted leave to file an appropriate amendment to the Complaint correcting those mistakes on or before September 14, 2009, failing which this Court would be constrained to dismiss the Complaint and this action for lack of subject matter jurisdiction. But because the defects spoken of here are attributable to Torres' counsel rather than to the client, no charge is to be made to Torres for the added work and expense incurred in correcting counsel's errors. Torres' counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: August 31, 2009

2